**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN EQUIPMENT LEASING | : | |
| a division of EAB LEASING CORP., | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Civil Action |
| | : | |
| SALEEM SIDDIQI aka SALEEM R. SIDDLEL, indiv., | : | |
| RAMALINGA PRASAD ADUSUMALLI aka | : | |
| RAMALINA P. ADUSOMACCI, individually | : | |
| PRASAD NANNAPANENI, individually, and | : | |
| SRINIVAS NANNAPANENI aka | : | No. 02-cv-2758 |
| SRINIVAS RAO NANNAPANENI aka | : | |
| SRINIVAS NANNAPANEN, individually, | : | |
| Defendants | : | |

## MOTION OF PLAINTIFF TO REOPEN CASE FOR THE ENTRY OF FINAL JUDGMENT

Plaintiff, by its undersigned counsel, hereby files this motion to reopen this matter

pursuant to the Court's Order of January 14, 2003 and the Stipulation filed on December 9,

2002 for the purpose of entering judgment against the defendants, Prasad Nannapaneni

and Srinivas Nannapaneni (the "Nannapanenis"), and in support thereof, avers the

following:

1.  On or about November 4, 2002, the Nannapanenis and Saleem Siddiqi (the

"Stipulating Defendants") signed a Stipulation which served as a resolution of the issues

contained in the complaint.

2.  On or about January 14, 2003, the Court entered an Order dismissing this case with

prejudice subject to plaintiff's right to reopen the case for the purpose of entering judgment

against the Stipulating defendants pursuant to the terms of the Stipulation.  A true and

correct copy of the Stipulation and Order are attached hereto and made a part hereof as Exhibit A.

3.  The Stipulating Defendants defaulted under the terms of the Stipulation in that the total Obligation was not paid by January 31, 2003 and thereafter, the Stipulating Defendants failed to make the first payment of $1,000.00 January 31, 2003 or any payment subsequently due thereunder as provided under paragraph 1 of the Stipulation.

4.  Defendant, Saleem Siddiqi filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on May 3, 2003, and plaintiff is subject to the automatic stay provisions of the United States Bankruptcy Code.

5.  The Nannapanenis were provided with written notice of default and given ten (10) days to cure the default, as required by paragraph 7 of the Stipulation.

6.  The Nannapanenis failed to cure the default.

7.  The balance due under the Stipulation at this time is $35,276.96.

**WHEREFORE,** plaintiff demands that this matter be reopened and that judgment be entered in favor of the plaintiff and against the defendants, Prasad Nannapaneni **AND** Srinivas Nannapaneni, individually, jointly and severally, in the amount of $35,276.96, together with interest from the date of judgment and costs of suit.

BARBARA LANZA FARLEY,
A PROFESSIONAL CORPORATION

BY:
    Barbara L. Farley, Esquire
    Attorney for the plaintiff
    Attorney I.D. No. 18845
    325 Chestnut Street, Suite 915
    Philadelphia, Pennsylvania 19106
    (215) 923-9696
    (215) 923-1454 (fax)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN EQUIPMENT LEASING                    CIVIL ACTION NO. 02-CV-2758
a division of EAB LEASING CORP.,
                   Plaintiff

        vs.

SALEEM SIDDIQI aka SALEEM R. SIDDLEL, individually,
RAMALINGA PRASAD ADUSUMALLI aka
RAMALINA P. ADUSOMACCI, individually
PRASAD NANNAPANENI, individually, and
SRINIVAS NANNAPANENI aka
SRINIVAS RAO NANNAPANENI aka
SRINIVAS NANNAPANEN, individually,
                   Defendants

STIPULATION

Plaintiff, American Equipment Leasing, a division of LAB Leasing Corp., by and through its counsel Brian C. Engelhardt, Esquire, and Defendants, Saleem Siddiqi  aka Saleem R. Siddlel, Prasad Nannapaneni, and Srinivas Nannapaneni aka Srinivas Rao Nannapaneni aka Srinivas Nannapanen (collectively, "Stipulating Defendants") hereby stipulate as follows:

    1. The action was initiated with respect to the guarantees of Defendants under the terms of agreements of Guaranty (collectively, the "Guarantees") of the obligations of G-Zone Enterprises, LLC ("Lessee") to Plaintiff with respect to a Lease Agreement, all as is more particularly set forth in Plaintiffs Complaint.

    2. Judgment by default has been previously entered against Ramalinga Prasad Adusumalli aka Ramalina P. Adusomacci, which judgment shall not be affected by the entry and approval of this Stipulation.

    3. The parties have agreed to resolve Plaintiff's claims against Stipulating Defendants, through Stipulating Defendants acknowledging their liability to Plaintiff under the terms of the Guarantees and their agreement to pay the "Obligation Amount", being the sum of $148,157.71 which is comprised of the following amounts:

| | | |
|---|---|---|
| 3143,957.11 | Fourteen (14) monthly payments $9,793.00 each, plus $489.65 sales/rental tax, (totalling $10,282.65); plus | |
| $  3,000.00 | Reimbursement of Legal Fees Incurred by Plaintiff paid to Timothy Baxter, Esq. | |
| $  1,200.00 | Late Charges; | |
| S148,157.71 | Total "Obligation Amount" | |



    4. I he parties acknowledge that the assets of lessee are subject of a motion to sell in the United States ptcy Court for the Eastern District of Michigan, to No. 02-42243, being Lessee's proceeding under Chapter I t of

the Bankrupty Code, with the final closing date on said sale being defined herein as the "G Zone Closing Date". Plaintiff agrees that upon payment in full of the Obligation Amount and all interest due in accordance with ,he terms herewith, Plaintiff will release its interest in the equipment subject of the lease between Plaintiff and Lessee.

5.   The Stipulating Defendants agree to cooperate in Plaintiff obtaining the proceeds of a Certificate of Deposit (the "CD") pledged by Lessee to Plaintiff as security tot the performance of the obligations under the Lease Agreement, and to immediately authorize the application of said proceeds to the Obligation Amount. Plaintiff agrees to credit all sums received as proceeds from the CD against the Obligation Amount.

6. In the event the total Obligation Amount is not paid on or by January 3        Guarantors agree to pay the amount of the unpaid balance of the Obligation Amount as of January 31, 2003, either by (a) paying said unpaid balance on that date, or (h) paying the unpaid balance of the Obligation Amount, plus interest at a rate of seven (7%) per cent per annum, accruing from January 31, 2003, in twelve monthly payments, payable as follows:

(I)      eleven (11 )monthly installments of One Thousand Dollars ($1,000) each, followed by

(II)     one final monthly installment of accrued interest and remaining principal.

with the first such payment to be due January 31, 2003, and each succeeding monthly payment due the same day of each month thereafter. Payments shall be applied first to accrued interest, then to unpaid principal. In any event, all principal and interest shall be due upon the occurrence of the G Zone Closing Date. In the event of Guarantor's failure to make a payment when due, all remaining payments shall fall due, less unmatured interest.

7.   The parties agree that the approval of this Stipulation shall act as a termination of this matter with prejudice, provided, however, that in the event of a default under the terms hereof which is not cured within ten (10) days of written notice to Defendants at the addresses set forth underneath their respective signatures sent via first class US Mail, Plaintiff shall have the right to reopen this matter for the sole purpose of entry of a judgment against Stipulating Defendants for the balance due under the Obligation Amount (net any sums received on account thereof) plus any attorney's fees and costs incur$^r$ed, by filing an affidavit of default with the ('out t setting tot $^in$ $_t$he default and the amount remaining due.

l 0. The terms of the Guarantees are otherwise incorporated hereunder as though more fully set forth at length. The entry of this Stipulation by Plaintiff shall not operate an a waiver of any future default by Stipulating   Defendants hereunder. or the terms of the Guarantees.

11.    This Stipulation may be signed in separate counterparts, each of which shall be deemed an original, all of which shall be considered one and the same agreement, and shall become effective when one or more counterparts have been signed by each party hereto and delivered to the other party hereto.

Date:

Saleem Siddiqi aka Saleem R. Siddlel

27670 Lathrup  Boulevard


Date: _____

_____

Prasad Nannapaneni
5230 Franklin Road
Bloomfield, Michigan, 48302


Date: _____

_____

Srinivas Nannapaneni aka Srinivas Rao Nannapaneni
aka Srinivas Nannapanen
5230 Franklin Road


Date:

_____

Barara  Lanza Farley, Esquire
Attorney for Plaintiff
325 Chestnut Street
Suite 915
Philadelphia PA 19106
Phone: 215) 923-9696
Fax No: (215) 923-1454

11.    This Stipulation may be signed in separate counterparts, each of which shall he deemed an original,  all of which shall be considered one and the same agreement, and sh all become  effective  when one or more counterparts have lien signed by each party hereto and delivered to the ocher party hereto_

Date:

> Saleem Siddiqi  aka Saleem  R. Siddlel
> 27670 Lathrup  Boulevard
> Lathrup Village, Michigan 48076,

Date:    14 4  La t--

> Prasad Nannapaneni
> 5230 Franklin  Road
> Bloomfield. Michigan. 48302

Date :

> Srinivas Nannapaneni  aka Srinivas Rao Nannapaneni
> aka Srinivas Nannapanen
> 5230 Franklin Road

> Barara Lanza Farley. Esquire
> Suite 915
> Philadelphia PA 19106
> Phone:215)923-9696
> Fax No:  (215) 923-1454

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN EQUIPMENT LEASING,          CIVIL ACTION
a division of EAB LEASING CORP.,

     Plaintiff,

       v.                                NO. 02-2758

SALEEM SIDDIQUI a/k/a SALEEM R
SIDDLEL, et al.

     Defendants.

## <u>ORDER</u>

AND NOW, this 14" day of January, 2003, upon consideration of the Stipulation (Doc.

8) entered into by Plaintiff and Defendants Saleem Siddiqi a/k/a Saleem R. Siddlel, Prasad

Nannapaneni, and Srinivas Nannapaneni a/k/a Srinivas Rao Nannapaneni a/k/a Nannapanen

(collectively "Stipulating Defendants") resolving all Plaintiffs claims in this matter as to

Stipulating Defendants, and settling this matter as to Stipulating Defendants,

IT IS HEREBY ORDERED AND DECREED that the above-referenced matter is

DISMISSED WITH PREJUDICE as to Stipulating Defendants, in accordance with the terms set

forth in the Stipulation (Doc. 8).    The Clerk of the Court shall amend the caption to read

American Leasing Equipment v. Ramalinga Prasad Adusumalli a/k/a   Ramalina P. Adusomacci

BY THE COURT:

*h.hIO¹ ₕ6 v uRA !h/*
on. Petrese B. Tucker, U.S.D.J.